UNITED STATES of America,
Plaintiff-Appellee,

v.

Dale H. MALQUIST,
Defendant-Appellant.

No. 85–3134.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 2, 1986.

Decided June 17, 1986.

---

Glenn L. Archer, U.S. Dept. of Justice, Washington, D.C., Roger M. Olsen, Asst. Atty. Gen., Michael L. Paup, Robert E. Lindsay, Donald W. Searles, Dept. of Justice, Washington, D.C., for plaintiff-appellee.

F. Woodside Wright, Helena, Mont., for defendant-appellant.

Dale Malquist, pro se.

Before WRIGHT, SNEED, and SCHROEDER, Circuit Judges.

SNEED, Circuit Judge:

This tax-protester case involves a Fifth Amendment self-incrimination claim. We affirm the district court in all respects.

## I.

## FACTS AND PROCEEDINGS BELOW

Dale H. Malquist worked as an electrician for eleven different companies from 1979 to 1983. His gross income during those years ranged from $35,681 to $22,265 a year. Because he is a married person under age 65, this gross income required him to file a tax return for each of those years. *See* 26 U.S.C. § 6012(a). Even though his employers had provided him with W–2 forms, and even though Malquist had filed proper tax returns in 1976 and 1977, he did not provide the IRS with financial information from 1978 to 1983. In-

stead, he placed the word "object" in all of the other spaces on the forms that requested financial information, in an attempt to claim the Fifth Amendment privilege against self-incrimination. During this period, he also made false claims on his W–4 forms.

At trial, Malquist based his Fifth Amendment claim on his knowledge of a 1977 IRS investigation that in turn led him to research his legal rights thoroughly. He examined cases and other documents that, he argued, led him to believe that he could object to the dissemination of financial information on Fifth Amendment grounds. He also testified that his method for filing the W–4 forms as he did was based on his "Fourth Amendment ... right to be secure in [his] ... papers and home [and also as] a matter of survival." 3 Reporter's Transcript (R.T.) at 84.

Malquist was charged with six counts of violating 26 U.S.C. § 7203 (willful failure to file an income tax return). He moved to dismiss the indictment on the ground that he had validly asserted his Fifth Amendment privilege; after an *in camera* hearing on July 23, 1985, the district court denied that motion. A jury found him guilty of all six counts and, on August 27, 1985, the court sentenced him to one year consecutive imprisonment for each of counts one through four, and one year's imprisonment for counts five and six to be served concurrently with counts one and two. The court also ordered Malquist to pay the costs of prosecution, $25 per count as a fine, and $150 to the Victims of Crime Fund. On September 11, 1985, the court denied Malquist's motion for bail pending appeal. 619 F.Supp. 875.

## II.

### DISCUSSION

A. *The District Court's Instruction to the Jury That the Documents Submitted by Malquist Were Not Tax Returns.*

In its instructions to the jury, the court stated:

An Internal Revenue Service Form 1040 or 1040A does not constitute a "tax return" within the meaning of ... 26 U.S.C., Section 7203, and does not satisfy the filing requirement if the document does not contain sufficient information from which a tax can be computed. You are instructed, as a matter of law, that the documents submitted to the Internal Revenue Service by the Defendant for the taxable years 1978 through 1983 are not income tax returns within the meaning of Section 7203.

4 R.T. at 172–73.

■ Malquist did not object to the court's instructions at the time they were given. As such, the "plain error" rule applies. Fed.R.Crim.P. 52(b); *see United States v. Young,* 470 U.S. 1, 105 S.Ct. 1038, 1046–47 & n. 12, 84 L.Ed.2d 1 (1985). No plain error occurred here. According to *United States v. Grabinski,* 727 F.2d 681 (8th Cir.1984), "the issue of whether a return is valid for section 7203 purposes is a question of law for the court to decide," *id.* at 686. *But see United States v. Goetz,* 746 F.2d 705, 707–08 (11th Cir.1984) (although trial court's ruling that "alleged tax returns which do not contain any financial information are not 'returns' within the meaning of section 7203" was correct, its ruling that the question of whether the return contained financial information was also one of law was incorrect). The district court here merely instructed the jury that the information Malquist submitted was not a valid return. It did not commit plain error.

B. *The District Court's Denial of Malquist's Motion to Dismiss the Indictment.*

■ Malquist contends that his exercise of the Fifth Amendment privilege against self-incrimination required the court to dismiss his case. He is incorrect. Although a valid exercise of the Fifth Amendment privilege against self-incrimination is a complete defense to a section 7203 indictment, *see Garner v. United States,* 424 U.S. 648, 662–63, 96 S.Ct. 1178, 1186–87, 47 L.Ed.2d

370 (1976), Malquist's attempt to claim the Fifth Amendment privilege is misguided. The standard that governs is whether the defendant faces "a real and appreciable danger of incrimination" that is based on reasonable cause. *United States v. Neff*, 615 F.2d 1235, 1239 (9th Cir.), *cert. denied*, 447 U.S. 925, 100 S.Ct. 3018, 65 L.Ed.2d 1117 (1980). Malquist's two particular reasons for asserting the privilege against self-incrimination were his fear of repercussions from his filing of false W-4 forms and his belief that the 1977 investigation was still ongoing. In *United States v. Carlson*, 617 F.2d 518 (9th Cir.), *cert. denied*, 449 U.S. 1010, 101 S.Ct. 564, 66 L.Ed.2d 468 (1980), this circuit held that "an individual who seeks to frustrate the tax laws by claiming too many withholding exemptions, with an eye to covering that crime and evading the tax return requirement by assertion of the Fifth Amendment, is not entitled to the amendment's protection." *Id.* at 523. *Carlson* refutes the W-4 argument. As to the "1977 investigation" argument, *Carlson* noted that, because " 'questions in the income tax return [are] neutral on their face and directed at the public at large,' " *id.* (quoting *Albertson v. Subversive Activities Control Board*, 382 U.S. 70, 79, 86 S.Ct. 194, 199, 15 L.Ed.2d 165 (1965)) (brackets by *Carlson* court), "refusal to file any return at all has never been protectable by a taxpayer's privilege against self-incrimination," *id.* (citing *United States v. Sullivan*, 274 U.S. 259, 263–64, 47 S.Ct. 607, 608, 71 L.Ed. 1037 (1927)). The district court did not err in denying Malquist's motion to dismiss the indictment.

### C. *The District Court's Refusal to Admit Some of Malquist's Exhibits.*

■ The district court's decision to exclude evidence may only be reversed for an abuse of discretion. *E.g., United States v. Smith*, 735 F.2d 1196, 1198 (9th Cir.), *cert. denied*, —— U.S. ——, 105 S.Ct. 574, 83 L.Ed.2d 514 (1984). The court did not abuse its discretion here. Malquist wanted to introduce into evidence copies of the Constitution, the Declaration of Independence, portions of *Garner v. United States*, 501 F.2d 228 (9th Cir.1972), *aff'd*, 424 U.S. 648, 96 S.Ct. 1178, 47 L.Ed.2d 370 (1976), a trial transcript in another person's section 7203 prosecution, and six tax protester articles. The government objected to the introduction of this evidence on relevancy grounds. The court sustained the government's objection but permitted Malquist to testify that he had relied on those exhibits in forming his good-faith belief, presumably because a good-faith belief is a complete defense to a section 7203 charge, *see Carlson*, 617 F.2d at 523. Because the court was not obliged to admit legal material as evidence, *see Cooley v. United States*, 501 F.2d 1249, 1253–54 (9th Cir.1974), *cert. denied*, 419 U.S. 1123, 95 S.Ct. 809, 42 L.Ed.2d 824 (1975), and because the court admitted Malquist's testimony on whether he relied on the miscellaneous documents in shaping his Fifth Amendment stance, the court did not abuse its discretion here.

### D. *The District Court's Denial of Malquist's Motion to Disclose the Grand Jury Minutes.*

■ A district court's refusal to release a grand jury transcript is reviewed under the "abuse of discretion" standard. *See Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 223, 99 S.Ct. 1667, 1675, 60 L.Ed.2d 156 (1979). To justify such a disclosure under Fed.R.Crim.P. 6(e), defendants "must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed." *Id.* at 222, 99 S.Ct. at 1674. Malquist's vague request met none of the *Douglas* standards.

### E. *The District Court's Sentencing of Malquist.*

■ Malquist contends that the district court erred by considering his failure to "recant." *See* 5 R.T. at 42–43. Under *United States v. Grayson*, 438 U.S. 41, 50–52, 98 S.Ct. 2610, 2615–17, 57 L.Ed.2d

582 (1978), the inclusion of Malquist's lack of repentance in the court's sentencing calculus was permissible.

AFFIRMED.