**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Jim C. BERGMAN,
Defendant-Appellant.**

**No. 86–1102.**

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 20, 1987.*

Decided March 31, 1987.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 3(f) and Fed.R.App.P. 34(a).

Alan R. Harter, Las Vegas, Nev., for defendant-appellant.

Robert E. Linday and Donald W. Searles, Washington, D.C., for plaintiff-appellee.

Before HUG, SCHROEDER and NORRIS, Circuit Judges.

HUG, Circuit Judge:

Jim Bergman appeals a jury conviction for willful failure to file federal income tax returns in violation of 26 U.S.C. § 7203 (1982). Bergman contends that the district court erred by: (1) allowing the Government to refer to him as a tax protester; (2) admitting his wage and tax statements (W–2 and W–4 forms); (3) excluding some of his exhibits; (4) striking his pro se filings when he was represented by counsel; and (5) refusing to grant a continuance. We disagree and affirm.[1]

## FACTS

Bergman worked as an electrician earning $37,834.97 in 1979, $39,701.39 in 1980, and $46,702.07 in 1981. During this period Bergman filed federal tax returns containing no information other than his name, address, and signature. He completed the returns by inserting asterisks corresponding to a notation on the bottom of the return stating that he did not understand the return or the laws which may apply to him, and objecting on the basis of the 1st, 4th, 5th, 7th, 8th, 9th, 10th, 13th, 14th, and 16th amendments. Bergman attached to his returns affidavits and letters challenging the federal taxation filing system. Bergman also filed W–4 forms claiming that he was exempt from withholding.

The Internal Revenue Service ("IRS") notified Bergman that his returns were unacceptable and requested that he file proper returns. Bergman did not do so.

Bergman subsequently was indicted for failing to file income tax returns. The court appointed a public defender to represent Bergman. Shortly before trial, Bergman discharged the public defender and retained his own attorney. Although Bergman filed two motions on his own behalf, he was represented by counsel throughout the proceedings.

---

1. Bergman, acting on his own behalf, also challenges various jury instructions in his "Supplement to Defendant/Appellant's Opening Brief." He has not sought permission of this court to act on his own behalf and the document was filed outside the time provided by our order of September 9, 1986. Nevertheless, we find no merits to the arguments raised.

## DISCUSSION

### I. *"Tax Protester"*

Bergman contends that he was prejudiced at trial because the Government continuously referred to him as a "tax protester." He argues that the references were prejudicial because they associated him with a conspiratorial group of lawbreakers and deprived him of presenting a willfulness defense. We disagree.

 The term "tax protester" accurately characterizes Bergman's activities. His objections to filing tax returns, based principally on the Fifth Amendment, have been rejected repeatedly by this court. *United States v. Malquist,* 791 F.2d 1399, 1402 (9th Cir.), *cert. denied,* — U.S. —, 107 S.Ct. 445, 93 L.Ed.2d 394 (1986); *United States v. Smith,* 735 F.2d 1196, 1197 (9th Cir.), *cert. denied,* 469 U.S. 1076, 105 S.Ct. 574, 83 L.Ed.2d 514 (1984); *United States v. Carlson,* 617 F.2d 518, 522–23 (9th Cir.), *cert. denied,* 449 U.S. 1010, 101 S.Ct. 564, 66 L.Ed.2d 468 (1980). References to Bergman's "tax protest" activities were also probative of his willfulness in violating the tax laws. *Carlson,* 617 F.2d at 523–24; *see also United States v. Booher,* 641 F.2d 218, 221 (5th Cir.1981). Consequently, we agree with other courts that have found the term "tax protester" a permissible shorthand reference to such activities. *See, e.g., United States v. Turano,* 802 F.2d 10, 12 (1st Cir.1986).

### II. *Wage and Tax Statements*

Bergman argues that the district court erred by admitting as evidence his W–2 and W–4 forms. He argues that these forms were unduly prejudicial and irrelevant because he was willing to stipulate to the information contained in those forms. We review the district court's decision for an abuse of discretion. *Malquist,* 791 F.2d at 1402.

 The court's decision to admit the W–2 forms did not amount to an abuse of discretion. Information regarding Bergman's earnings was necessary to show that he was required to file a tax return. 26 U.S.C. § 6012(a) (1982); *United States v.* *Buras,* 633 F.2d 1356, 1358 (9th Cir.1980). Even though Bergman was willing to stipulate to the amount of his income, the forms were still relevant to show willfulness—an issue which Bergman clearly contested. *See, e.g., United States v. Green,* 757 F.2d 116, 119–20 (7th Cir.1985). Finally, irrespective of the relevance of the W–2 forms, Bergman has shown no prejudice resulting from their admission.

 Bergman objects to the W–4 forms as impermissible evidence of other crimes. *See* Fed.R.Evid. 404(b). Since the filing of a false W–4 form could provide the basis for prosecution under 26 U.S.C. § 7205 (1982), we agree that it is evidence of "other crimes" under Rule 404(b). Nevertheless, evidence of other crimes may be admissible to show intent, knowledge, motive, etc., if: (1) the prior crime is similar and close enough in time to be relevant; (2) the evidence of the prior crime is clear and convincing; and (3) the crime is an element of the charged offense that is a material issue in the case. *United States v. Bailleaux,* 685 F.2d 1105, 1109–10 (9th Cir. 1982). The probative value of the evidence must also outweigh any unfair prejudice. *Id.;* Fed.R.Evid. 403.

Here, the W–4 forms were similar and close in time to the section 7203 violations—they were filed during the same years. The forms showed that Bergman was claiming "exempt" status even though there was clear evidence that he had incurred income tax liability in the previous years and had failed to file proper tax returns. And finally, the forms were highly probative of Bergman's willful scheme of evading federal income tax laws. *See Carlson,* 617 F.2d at 519, 523–24; *see also United States v. Verkuilen,* 690 F.2d 648, 656 (7th Cir.1982).

### III. *Excluded Evidence*

 Bergman objects to the district court's exclusion of certain documents he relied on in deciding not to file income tax returns. These documents included a copy of the Constitution and Declaration of Independence, transcripts of "winning cases"

against the IRS, and the entire Internal Revenue Code. The district court excluded the documents on the basis of relevancy but allowed Bergman to testify that he relied on the documents in forming his belief that he was not required to file an income tax return. In *Malquist,* 791 F.2d at 1402, we considered the precise claim that Bergman raises here. We held that the district court was not obliged to admit legal materials as evidence and did not abuse its discretion. *Id.* We reach the same conclusion here.

### IV. *Pro Se Filings*

■ We find no error in the district court's refusal to acknowledge Bergman's pro se filings. A criminal defendant does not have an absolute right to both self-representation *and* the assistance of counsel. *United States v. Halbert,* 640 F.2d 1000, 1009 (9th Cir.1981). The decision to allow such hybrid representation is within the sound discretion of the judge. *Id.* Bergman has shown no abuse of discretion here.

### V. *Continuance*

■ Bergman challenges the district court's denial of his request for continuance. We will not overturn the denial absent a clear abuse of discretion. *United States v. Lane,* 765 F.2d 1376, 1379 (9th Cir.1985). "To demonstrate reversible error, the defendant must show that the denial resulted in actual prejudice to his defense." *Id.* In this case, Bergman claims that he was not allowed adequately to research, brief, and prepare motions challenging the use of the term "tax protester," the admission of his W–2 and W–4 forms and other "highly prejudicial" information, and the exclusion of his proffered documents. We have discussed each of these objections above and concluded that the district court committed no errors. Consequently, Bergman has failed to show that the denial of a continuance prejudiced his defense.

AFFIRMED.