HENRY D. SCHNEIKER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Schneiker v. Commissioner
Docket No. 6342-88
United States Tax Court
T.C. Memo 1989-378; 1989 Tax Ct. Memo LEXIS 377; 57 T.C.M. (CCH) 1094; T.C.M. (RIA) 89378; July 26, 1989
Henry D. Schneiker, pro se. Stephen S. Ash, for the respondent. KORNER
MEMORANDUM FINDINGS OF FACT AND OPINION KORNER, Judge: Respondent determined an income tax deficiency and additions to tax under sections 6651(a)(1), [1] 6653(a)(1), 6653(a)(2) and 6661(a) with respect to petitioner for tax year 1983. After respondent conceded the income tax deficiency in full, as well as the additions to tax under sections 6651(a)(1), 6653(a)(2) and 6661(a), the only issues remaining for decision are (i) whether a deficiency can be determined if petitioner's income tax withholding exceeds his income tax liability; (ii) whether an "underpayment," as defined in section 6653(c), exists if petitioner's withheld income tax exceeds his income tax liability; and (iii) whether petitioner is liable for an addition to tax under section 6653(a)(1) for negligence or disregard of rules and regulations. FINDINGS *379 OF FACT Most of the facts have been stipulated and are so found. The stipulation of facts and accompanying exhibits are incorporated by this reference. Henry D. Schneiker ("petitioner") resided in Tucson, Arizona, when he filed his petition. He filed a purported individual Federal income tax return on April 13, 1984. The word "object" and the number "0" were inserted on most of the lines on Form 1040. The rest of the lines were left blank. The would-be return reflected no tax liability and Federal income tax withholding of $ 7,262. A memorandum was attached to the would-be return asserting various fifth amendment constitutional privileges against self-incrimination in response to questions on the income tax return. Based on an examination of this purported return, respondent issued to petitioner a statutory notice of deficiency, dated December 31, 1987. Petitioner filed an amended individual Federal income tax return, which was received and accepted by respondent on January 20, 1988. This return accurately reflected petitioner's correct income and claimed a business loss of $ 3,540. The parties agree that in tax year 1983 petitioner had an income tax liability of $ 7,062 *380 and that $ 7,262 was withheld from his wages. After reviewing petitioner's amended income tax return, respondent conceded all issues except the section 6653(a)(1) addition to tax. OPINION Petitioner claims that no deficiency existed because the income tax that was withheld from his wages exceeded his income tax liability for tax year 1983. Petitioner consequently argues that the section 6653(a)(1) addition to tax, which is based on an underlying underpayment, is inapplicable because there was no underpayment of taxes. Petitioner finally argues that he was not negligent and did not disregard rules and regulations. Petitioner bears the burden of proof with respect to all issues in this case. Rule 142(a). At the outset, we observe that the document filed by petitioner purporting to be a 1983 Federal income tax return does not constitute a valid return because it did not make an honest and reasonable attempt to satisfy the requirements of the tax law, nor did it make reference to income, deductions and credits. Florsheim Brothers v. United States, 280 U.S. 453 (1930); United States v. Porth, 426 F.2d 519 (10th Cir. 1970), cert. denied 400 U.S. 824 (1970); *381 Beard v. Commissioner, 82 T.C 766 (1984), affd. per curiam 793 F.2d 139 (6th Cir. 1986). A form that does not attempt to satisfy the tax law requirements or does not include information permitting computation of tax does not constitute a return. Automobile Club of Michigan v. Commissioner, 353 U.S. 180, 188 (1957); Reiff v. Commissioner, 353 U.S. 180, 188 (1957); Reiff v. Commissioner, 77 T.C. 1169, 1177 (1981). A taxpayer is not excused from filing a return because he claims the self-incrimination privilege. United States v. Sullivan, 274 U.S. 259 (1927); United States v. Malquist, 791 F.2d 1399 (9th Cir. 1986). There is no violation of a taxpayer's rights to due process under the fifth amendment against self-incrimination in filing a Federal income tax return. Hartman v. Commissioner, 65 T.C. 542 (1975). We conclude that the document petitioner ostensibly filed as an income tax return for tax year 1983 was not a valid return. Section 6211(a) defines "deficiency" in the following fashion: (a) IN GENERAL. -- For purposes of this title in the case *382 of income, estate, and gift taxes imposed by subtitles A and B and excise taxes imposed by chapters 41, 42, 43, and 44 the term "deficiency" means the amount by which the tax imposed by subtitle A or B, or chapter 41, 42, 43, or 44 exceeds the excess of -- (1) the sum of (A) the amount shown as the tax by the taxpayer upon his return, if a return was made by the taxpayer and an amount was shown as the tax by the taxpayer thereon, plus (B) the amounts previously assessed (or collected without assessment) as a deficiency, over -- (2) the amount of rebates, as defined in subsection (b)(2), made. Sec. 301.6211-1(a), Proced. & Admin. Regs., further provides, "If no return is made, or if the return * * * does not show any tax, for the purpose of the definition 'the amount shown as the tax by the taxpayer upon his return' shall be considered as zero." Since petitioner did not file a valid income tax return, we find that "the amount shown as the tax" by petitioner was zero. Petitioner argues that a "deficiency" can be determined only when actual income tax liability exceeds the amount of money that was withheld on his behalf. Petitioner, however, neglects to address section 6211(b)(1), *383 which states "The tax imposed by subtitle A and the tax shown on the return shall both be determined * * * without regard to the credit under section 31 (income tax withholding from wages) * * *." (Emphasis added). In other words, a deficiency is determined without regard to income tax that has been withheld. Respondent properly determined a deficiency for tax year 1983 because petitioner's income tax liability, $ 7,062, exceeded the "amount shown as the tax by the taxpayer upon his return" -- deemed to be zero in the instant case. Sec. 301.6211-1(a), Proced. & Admin. Regs.; Hartman v. Commissioner, 65 T.C. 542 (1975). Furthermore, the fact that income tax was withheld from petitioner's wages does not prohibit respondent from determining a deficiency. Sec. 6211(b)(1). In a similar argument, petitioner next contends that the 5 percent addition to tax under section 6653(a)(1), which is applied to an underlying underpayment, results in no addition to tax because his withholding payments exceed his income tax liability for that year. "Underpayment" is defined, in relevant portion, as "(ii) The amount of the tax imposed * * * if a return was not filed on or before *384 the last date * * * prescribed for filing such return." Sec. 301.6653-1(c)(1), Proced. & Admin. Regs. Since petitioner did not file a timely income tax return for tax year 1983, an underpayment exists in the amount of tax he owed for that year, which he has agreed is $ 7,062. Finally, we find that petitioner intentionally disregarded rules and regulations concerning his responsibility to file an accurate, responsive and timely income tax return for tax year 1983. Petitioner's entry of the word "object" on the lines of Form 1040 dealing with wages, total income, adjusted gross income and taxable income tells us that he intentionally disregarded the rules and regulations under the Internal Revenue Code. Other evidence proving petitioner's intentional disregard include his filing a 15 page memorandum entitled "RIGHT AGAINST SELF-INCRIMINATION MAY BE CLAIMED ON A TAX RETURN," which accompanied his purported return. If answers tend to incriminate a taxpayer, he must claim the privilege on the return with respect to the particular question believed to be calling for an incriminating answer. United States v. Edelson, 604 F.2d 232 (3d Cir. 1979). Petitioner is liable *385 for the 5-percent addition under section 6653(a)(1), to be applied to his understatement of $ 7,062. Decision will be entered under Rule 155. Footnotes
1. All statutory references are to the Internal Revenue Code, as in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, except as otherwise noted.↩