942 F.2d 795
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Steven R. WOLFF, Petitioner-Appellant
v.
James BLODGETT, Superintendent, Washington State
Penitentiary, and Kenneth Eikenberry, Attorney
General of Washington, Respondents-Appellees.
 No. 90-35692.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 9, 1991.
Decided Aug. 15, 1991.
 
 Before D.W. NELSON, NOONAN and THOMAS G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellant Wolff, serving a 30-year sentence for first-degree assault, appeals the denial of his petition for a writ of habeas corpus. Wolff contends that the district court erred in excluding as hearsay potentially exculpatory testimony and in restricting the scope of the evidentiary hearing. The district judge denied Wolff's writ because Wolff did not produce the witness Donna or convince the court to admit her hearsay statements. We find no indications that the district judge abused his discretion in making his evidentiary rulings or restricting the scope of the hearing and therefore affirm.
 
 
 3
 The decision whether to exclude evidence receives abuse of discretion review. United States v. Malquist, 791 F.2d 1399, 1402 (9th Cir.), cert. denied, 479 U.S. 954 (1986). As the proponent of hearsay testimony, Wolff had the burden of proving admissibility which he premised on Fed.R.Evid. 804(b)(5). This residual or catch-all exception for unavailable declarants requires a showing of circumstantial guarantees of trustworthiness equivalent to other hearsay exceptions. No mechanical test exists for determining the reliability of out-of-court statements, so such determinations are made on a case-by-case basis. See Barker v. Morris, 761 F.2d 1396, 1400 (9th Cir.1985).
 
 
 4
 In this case the district judge held that the proffered hearsay testimony did not have sufficient indicia of reliability. This decision falls well within the district judge's discretionary power. Moreover, we believe the district court correctly focused on the narrow issues before it, and also that Wolff failed to demonstrate that Donna's hearsay, even if admitted, would exculpate him.
 
 
 5
 Therefore, because district court properly denied Wolff's petition after a full review of the state court record and two evidentiary hearings and continuances for Wolff's benefit we AFFIRM.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3