959 F.2d 243
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alan NAIDOO, Defendant-Appellant.
 No. 89-10500.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 8, 1992.*
Decided April 10, 1992.
 
 Before HUG, O'SCANNLAIN and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Alan Naidoo appeals pro se the district court's denial of his former Fed.R.Crim.P. 35 motion to reduce the sentence imposed following his guilty plea to possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). Naidoo contends that the district court (1) erred by refusing to consider his claim regarding the accuracy of his presentence report and (2) violated 18 U.S.C. § 3583(b)(1) by imposing a 10-year term of supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Naidoo contends that the district court erred by refusing to consider his pro se claim that the district court violated Fed.R.Crim.P. 32(c)(3)(D) at sentencing by failing to rule on his claim that the presentence report was inaccurate. We review for an abuse of discretion the district court's decision whether to permit a criminal defendant to appear pro se while at the same time appearing with counsel. United States v. Bergman, 813 F.2d 1027, 1030 (9th Cir.), cert. denied, 484 U.S. 852 (1987); United States v. Halbert, 640 F.2d 1000, 1009 (9th Cir.1981).
 
 
 4
 Here, defense counsel filed a Rule 35 motion claiming that Naidoo's sentence was disproportionate to his crime. Counsel later filed a pro se motion prepared by Naidoo, who added the claim that the presentence report was inaccurate. The government filed a motion to strike Naidoo's pro se motion. Both Naidoo and his attorney filed responses requesting that the district court consider the pro se motion as a supplement to the Rule 35 motion filed by counsel. At the hearing on the Rule 35 motion, the district court stated that it would consider the pro se motion only insofar as it related to issues raised in the motion filed by counsel, and both attorneys agreed to proceed on those terms.
 
 
 5
 Naidoo contends that his attorney mistakenly filed the second motion under Naidoo's name rather than as a supplemental motion by counsel. Nonetheless, because counsel agreed to withdraw the Rule 32 claim, the district court did not abuse its discretion by failing to consider this claim. See Bergman, 813 F.2d at 1030; Halbert, 640 F.2d at 1009.
 
 
 6
 For the first time on appeal, Naidoo contends that the district court erred by imposing a 10-year term of supervised release because the maximum term was 5 years pursuant to 18 U.S.C. § 3583(b)(1). We generally do not consider an issue raised for the first time on appeal. United States v. Goland, No. 90-50423, slip op. 2939, 2946 (9th Cir. March 25, 1992) (this court may consider an issue not previously raised if it presents a pure question of law and the opposing party will suffer no prejudice). Moreover, because Naidoo committed his offense in April 1987, section 3583, which took effect on November 1, 1987, does not apply to him. See Rodriguera v. United States, No. 89-56205, slip op. 425, 429 (9th Cir. Jan. 14, 1992).
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3