967 F.2d 588
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Dale H. MALQUIST, Petitioner-Appellant,
v.
COMMISSIONER INTERNAL REVENUE SERVICE, Respondent-Appellee.
 No. 91-70139.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 15, 1992.*
Decided June 17, 1992.
 
 Before KILKENNY, GOODWIN and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Dale H. Malquist appeals pro se the tax court's judgment affirming the Internal Revenue Commissioner's determination of tax deficiencies and additions to tax for fraud pursuant to 26 U.S.C. § 6653(b) for tax years 1978, 1979, and 1980. We affirm.
 
 
 3
 On appeal, Malquist does not dispute the tax court's deficiency determination, but he contends that the tax court erred by finding that he had committed tax fraud for the years at issue. There was abundant evidence of fraud.
 
 
 4
 To support a finding of tax fraud, the government must show that the taxpayer engaged in conduct with the intent to evade taxes that he knew to be owing. United States v. Walton, 909 F.2d 915, 926 (9th Cir.1990). A court may infer fraudulent intent from various kinds of circumstantial evidence, including a taxpayer's failure to file tax returns and the submission of false W-4 certificates. Id.; see also Zell v. Commissioner, 763 F.2d 1139, 1146 (10th Cir.1985); Granado v. Commissioner, 792 F.2d 91, 93 (7th Cir.1986), cert. denied, 480 U.S. 920 (1987).
 
 
 5
 Here, Malquist failed to file complete tax returns for tax years 1978 and 1979 and did not file a tax return at all for 1980. During this period, he also filed false W-4 certificates with his employers. Under these circumstances, the tax court's finding of tax fraud was not clearly erroneous. See Walton, 909 F.2d at 926; see also Edelson v. Commissioner, 829 F.2d 828, 832 (9th Cir.1987) (tax court's finding of fraud is a question of fact and will be reversed only if clearly erroneous).
 
 
 6
 Construing Malquist's appeal liberally, his contentions of error may not be frivolous, but they are wholly without merit.
 
 
 7
 First, the tax court properly admitted and considered evidence of Malquist's previous conviction for willfully failing to file tax returns when determining whether Malquist had the requisite intent for the fraud charges. See Considine v. United States, 683 F.2d 1285, 1286 (9th Cir.1982) (prior conviction will estop a party from contesting in a later suit any element necessarily established in the criminal trial). Malquist's history as a self-taught tax protester was admissible.
 
 
 8
 Second, Malquist's filing of "protest returns" for tax years 1978 and 1979 did not preclude a finding of fraud. See Edelson, 829 F.2d at 831 (whether or not a taxpayer discloses his refusal to file is irrelevant). Finally, the tax court's credibility determination that Malquist's good faith defense was meritless is entitled to deference and was not clearly erroneous. See McKay v. Commissioner, 886 F.2d 1237, 1238 (9th Cir.1989). Given the circumstances, the tax court's determination that Malquist committed tax fraud was not clearly erroneous.
 
 
 9
 From 1978 through 1980 Malquist worked as an electrician for various employers. During this time he filed various W-4 Employee's Withholding Allowance Certificates in which he claimed complete exemptions from income tax or entitlement to as many as 99 exemptions. In spite of these alleged exemptions, several of his employers deducted taxes from his earnings in 1978, 1979, and 1980. In 1978 and 1979, Malquist filed Form 1040 tax returns, but the returns lacked any financial information, containing only his name, address, and the word "object" typed on each of the other lines with references to a number of constitutional amendments and tax-protest statements. Malquist did not file a tax return for 1980.
 
 
 10
 Malquist was convicted under 26 U.S.C. § 7203 for willfully failing to file income tax returns for 1978 through 1982, and this court affirmed the conviction in United States v. Malquist, 791 F.2d 1399 (9th Cir.), cert. denied, 479 U.S. 954 (1986).
 
 
 11
 Subsequent to Malquist's conviction, the Commissioner determined Malquist's income deficiencies and tax penalties for 1978 through 1980 and found that he owed a total of $11,088. Malquist petitioned the tax court for a redetermination of the Commissioner's findings. In his petition, Malquist did not challenge the IRS's determination of a deficiency, but rather alleged that the Commissioner's imposition of penalties for tax fraud was invalid because the allegations of fraud had not been proven. The tax court held a hearing concerning the matter and concluded that Malquist had fraudulently attempted to conceal his income from the Internal Revenue Service ("IRS") by (1) filing false W-2 and W-4 certificates and (2) failing to file returns from which his tax liability could be determined.
 
 AFFIRMED
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3