974 F.2d 1341
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Joseph W. BAUDER, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE SERVICE, Respondent-Appellee.
 No. 91-70682.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 24, 1992.*
Decided Sept. 1, 1992.
 
 Before BRUNETTI, RYMER and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Joseph W. Bauder appeals pro se the tax court's judgment affirming the Commissioner of Internal Revenue's ("Commissioner") determination of tax deficiencies and additions to tax for fraud pursuant to 26 U.S.C. § 6653(b) for tax years 1978 through 1980. We affirm.
 
 
 3
 The tax court's finding of fraud is a question of fact and will be reversed only if clearly erroneous. Edelson v. Commissioner, 829 F.2d 828, 832 (9th Cir.1987). The Internal Revenue Code imposes an addition to tax equal to 50 percent of an underpayment, if any part of the underpayment is due to fraud. 26 U.S.C. § 6653(b). The Commissioner has the burden of proving fraud by clear and convincing evidence. 26 U.S.C. § 7454(a); See Laurins v. Commissioner, 889 F.2d 910, 913 (9th Cir.1989). To support a finding of tax fraud, the government must show that the taxpayer engaged in conduct with the intent to evade taxes that he knew or believed to be owing. United States v. Walton, 909 F.2d 915, 926 (9th Cir.1990). Because direct proof of a taxpayer's intent is rarely available, a court may infer fraudulent intent from various kinds of circumstantial evidence. Id. This evidence can include: (1) understatement of income, (2) inadequate records, (3) implausible or inconsistent explanations of behavior, (4) concealing assets, or (5) failure to cooperate with tax authorities. Edelson, 829 F.2d at 832; Laurins, 889 F.2d at 913. Sophistication in business and tax matters also may lend support to an inference of intent to defraud. See Edelson, 829 F.2d at 832.
 
 
 4
 Here, Bauder (1) failed to file valid tax returns from 1978 through 1980 and finally did so only as a condition of probation, (2) directed his banks not to comply with the Internal Revenue Service's ("IRS") summonses when the IRS was conducting its investigation, and (3) failed to cooperate with tax authorities by refusing to supply them with his income and deduction information or his social security number, and by refusing to answer questions regarding his dealing with the National Commodities Exchange Association ("NCEA").[1] Additionally, the tax court concluded that Bauder, as a sophisticated businessman, lacked a good-faith belief that the income laws did not apply to him.
 
 
 5
 Although Bauder concedes the factual findings of the tax court, he contends that he is innocent of fraud because he was not required to pay taxes for the years in question. He also argues that the IRS lacked jurisdiction over him and that the requirement to file federal income tax returns violates his fifth amendment privilege against self incrimination.
 
 
 6
 Bauder's contentions are meritless. First, Bauder is collaterally estopped from denying that he was required to file a federal income tax return for 1978 by his conviction for willful failure to file a timely 1978 federal income tax return. See Considine v. United States, 683 F.2d 1285, 1287 (9th Cir.1985). Moreover, Bauder has stipulated to earning income in 1978, 1979, and 1980. Bauder's earnings for those years are well in excess of the statutory amount of gross income obligating a taxpayer to file a federal income tax return. See 26 U.S.C. § 6012(a). Second, Bauder's fifth amendment and jurisdictional arguments have been previously rejected by this court. See United States v. Malquist, 791 F.2d 1399, 1402 (9th Cir.) (refusal to file tax returns not protectable by a taxpayer's privilege against self-incrimination) cert. denied, 479 U.S. 954 (1986); United States v. Nelson, (In re Becraft), 885 F.2d 547, 548 n. 2 (9th Cir.1989) (contention that federal income tax laws are inapplicable to residents of one of the states had "no semblance of merit"). Under these circumstances, the tax court's finding of tax fraud for tax years 1978 through 1980 was not clearly erroneous. See Edelson, 829 F.2d at 832.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 NCEA is a warehouse banking operation that provides investment and bill paying services without documentation, thereby inhibiting the IRS's investigation of the income of NCEA members. See Heinold Hog Market, Inc. v. McCoy, 700 F.2d 611, 612-13 (10th Cir.1983)