145 F.3d 1341
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Andre Ronell BROWN, Defendant-Appellant.
United States of America, Plaintiff-Appellee,
v.
Oscar Damian, Defendant-Appellant.
 Nos. 96-30213, 96-30324.
D.C. No. CR-95-00065-19-JKS.
D.C. No. CR-95-00065-JKS.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 20, 1998.**
Decided April 27, 1998.
 
 Appeal from the United States District Court for the District of Alaska, James K. Singleton, Chief Judge, Presiding.
 Before BRUNETTI, RYMER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Andre Brown appeals his 120-month sentence following his guilty plea for distributing cocaine base, in violation of 21 U.S.C. § 841(a)(1). Oscar Damian appeals his 121-month sentence following his guilty plea to conspiracy to distribute cocaine and possession of cocaine with the intent to distribute, in violation of 21 U.S.C. §§ 846 and 841(a)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we dismiss.
 
 
 3
 The government contends that this appeal should be dismissed because Brown and Damian waived their right to appeal in their respective plea agreements. We agree.
 
 
 4
 The waiver of a statutory right to appeal is reviewed de novo. See United States v. Bolinger, 940 F.2d 478, 480 (9th Cir.1991). The record indicates that Brown knowingly and voluntarily waived his right to appeal pursuant to his plea agreement. See id. (stating that an express waiver of the right to appeal is valid if knowingly and voluntarily made). Brown's plea agreement provided that he waived the right to appeal his sentence with certain exceptions that are not applicable here. Brown does not contend that the government failed to comply with the terms of the plea agreement. Cf. United States v. Gonzalez, 16 F.3d 985, 990 (9th Cir.1993) (government's breach of plea agreement invalidates waiver of right to appeal). Because Brown's 120-month sentence was imposed in accordance with his plea agreement, we enforce Brown's waiver of the right to appeal. See Bolinger, 940 F.2d at 480.
 
 
 5
 Damian neither contends that his waiver was unknowing or involuntary nor that the government breached the plea agreement. His plea agreement provided an express waiver of his right to appeal. Damian agreed to a 121-month term of imprisonment and he received a 121-month sentence. Accordingly, his waiver of the right to appeal is also valid. See id.
 
 DISMISSED.[1]
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Appellant's pro se motion to amend his brief is denied. See United States v. Bergman, 813 F.2d 1027, 1030 (9th Cir.1987) (stating that a criminal defendant does not have a right to self-representation and the assistance of counsel)