**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Frank Lebito LIZAMA, Defendant–
Appellant.**

**No. 06–50616.**

United States Court of Appeals,
Ninth Circuit.

ed by 9th Cir. R. 36–3.

Submitted May 20, 2008.*

Filed May 28, 2008.

Michael J. Raphael, Esq., John E. Lee, Esq., USLA—Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

James M. Crawford, Esq., Orange, CA, for Defendant–Appellant.

Before: PREGERSON, TASHIMA, and GOULD, Circuit Judges.

## MEMORANDUM **

Frank Lebito Lizama appeals from the 90–month sentence imposed following his jury-trial conviction for bank fraud, in violation of 18 U.S.C. § 1344(1), aggravated identity theft, in violation of 18 U.S.C. § 1028(a)(1), use of an unauthorized access

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

device causing an act to be done, in violation of 18 U.S.C. § 1029(a)(2) and 18 U.S.C. § 2, and possession of 15 or more unauthorized access devices, in violation of 18 U.S.C. § 1028(a)(3). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

The district court increased Lizama's offense level pursuant to an obstruction of justice adjustment, in part, because it found that Lizama committed perjury while testifying at trial. *See* U.S.S.G. § 3C1.1. Lizama contends that the district court erred when making its finding because it failed to address whether his perjured statements were material. Although it appears that the district court erred by not making a materiality finding, *see United States v. Jimenez–Ortega*, 472 F.3d 1102, 1103–04 (9th Cir.2007), we conclude the error was harmless in light of the fact that the district court's materiality finding was implicit and overwhelmingly supported by the record, *United States v. Gonzalez–Flores*, 418 F.3d 1093, 1099 (9th Cir.2005).

Lizama also contends that his Sixth Amendment rights were violated when the district court imposed the obstruction of justice adjustment because the adjustment was based on facts which were not found by the jury beyond a reasonable doubt. The district court may engage in judicial fact finding at sentencing, that does not elevate a sentence above the statutory maximum, without implicating the Sixth Amendment, so long as it treats the Sentencing Guidelines as advisory. *See United States v. Booker*, 543 U.S. 220, 245, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

Because Lizama is represented by counsel, we decline to address his pro se letters. *See United States v. Bergman*,

813 F.2d 1027, 1030 (9th Cir.1987) ("A criminal defendant does not have an absolute right to both self-representation *and* the assistance of counsel.").

**AFFIRMED.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.