**NOT FOR PUBLICATION**

MAR 12 2015

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| CHOKCHAI KRONGKIET, | No. 13-15477 |
| Petitioner - Appellant, | D.C. No. 2:11-cv-02354-GEB-CKD |
| v. | |
| JEFFREY BEARD, | MEMORANDUM* |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., Senior District Judge, Presiding

Submitted March 10, 2015**
San Francisco, California

Before: BYBEE, CALLAHAN, and OWENS, Circuit Judges.

California state prisoner Chokchai Krongkiet appeals the denial of his 28

U.S.C. § 2254 habeas petition. We have jurisdiction under 28 U.S.C. § 2253. We

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

review de novo the district court's decision to deny his habeas petition, *see Clabourne v. Ryan*, 745 F.3d 362, 370 (9th Cir. 2014), and we affirm.

Krongkiet pleaded guilty to five counts of forcible lewd and lascivious conduct with a child under the age of fourteen pursuant to a plea deal in which he received a sentence of forty years imprisonment. Prior to sentencing, he asked his appointed counsel to file a motion to withdraw his plea, but his counsel refused to do so. On appeal, he argues that his counsel was constitutionally ineffective under *Strickland v. Washington*, 466 U.S. 668 (1984), by: (1) depriving him of absolute control over the decision whether to file a motion to withdraw his guilty plea; and (2) arguing against his interests during the hearing on his request for substitute counsel. We reject the first claimed error because the Supreme Court has not clearly established that a defendant has absolute control over the decision to file a motion to withdraw his guilty plea. *See Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009) ("[I]t is not 'an unreasonable application of clearly established Federal law' for a state court to decline to apply a specific legal rule that has not been squarely established by this Court." (quoting 28 U.S.C. § 2254(d)(1)) (some internal quotation marks omitted)). We reject the second claimed error because counsel did not violate his duty of loyalty by following his obligation under state law to explain his reasons for not filing the requested motion. *See Nix v. Whiteside*, 475

U.S. 157, 168 (1986); *People v. Horton*, 11 Cal. 4th 1068, 1123 (1995) ("A defendant's expression of dissatisfaction with appointed counsel, necessitating a *Marsden* hearing, does not compel counsel to concede the allegedly inadequate representation but rather requires counsel to respond truthfully to those allegations.").  But even assuming deficient performance, Krongkiet cannot show prejudice because he has not demonstrated that there is a "reasonable probability" that, but for his counsel's errors, he would have gone to trial.  *See Premo v. Moore*, 562 U.S. 115, 131-32 (2011).

In the alternative, Krongkiet argues that his due process rights were violated by the trial court's refusal to entertain his pro se motion to withdraw his guilty plea.  To the extent this claim is based on the argument that a defendant has absolute control over the decision to file a motion to withdraw his guilty plea, it again fails because the Supreme Court has not clearly established such a right.  *See* 28 U.S.C. § 2254(d)(1).  To the extent it is distinct—and assuming Krongkiet even attempted to make a pro se motion—this claim fails because the trial court need not entertain such a motion while Krongkiet remained represented by counsel.  *See United States v. Bergman*, 813 F.2d 1027, 1030 (9th Cir. 1987).

**AFFIRMED.**