

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    14-10188 |
| Plaintiff-Appellee, | D.C. No. 2:13-cr-01718-SRB |
| v. | |
| CARLOS GONZALEZ, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Jack Zouhary, District Judge, Presiding[**]

Submitted July 26, 2016[***]

Before:     SCHROEDER, CANBY, and CALLAHAN, Circuit Judges.

Carlos Gonzalez appeals from the district court's judgment and challenges

his guilty-plea conviction for reentry of a removed alien, in violation of 8 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Jack Zouhary, United States District Judge for the Northern District of Ohio, sitting by designation.

[***]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1326.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Gonzalez contends that the district court erred by summarily denying his pro se motion to dismiss the information on the ground that the motion was not submitted by his appointed counsel.  The district court did not abuse its discretion by refusing to consider Gonzalez's pro se motion.  *See United States v. Mujahid*, 799 F.3d 1228, 1236 (9th Cir. 2015), *petition for cert. filed*, __ U.S.L.W. __ (U.S. Mar. 4, 2016) (No. 15-8501); *United States v. Bergman*, 813 F.2d 1027, 1030 (9th Cir. 1987).

Gonzalez next contends that his conviction should be reversed because his due process rights were violated in the course of his original deportation proceedings in 1997.  By entering an unconditional guilty plea, Gonzalez waived his right to challenge the validity of the underlying deportation order.  *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973).

Finally, Gonzalez contends that his plea was unknowing and involuntary as a result of trial counsel's ineffective assistance.  We decline to address Gonzalez's claim of ineffective assistance on direct appeal.  *See United States v. Rahman*, 642 F.3d 1257, 1259-60 (9th Cir. 2011).

**AFFIRMED.**

14-10188