**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 97-60396

_____



NHU PHUC NGUYEN,

Petitioner,

VERSUS

IMMIGRATION AND NATURALIZATION SERVICE,

Respondent.


_____

Petition for Review of an Order of
the Board of Immigration Appeals
_____
July 2, 1997

Before SMITH, WIENER, and BENAVIDES, Circuit Judges.

JERRY E. SMITH, Circuit Judge:


Nhu Phuc Nguyen moves for a stay of deportation and petitions for review of a final order of deportation entered by the Board of Immigration Appeals ("BIA").  We dismiss the petition for want of jurisdiction.


I.

Nguyen, a citizen of Vietnam, became a lawful permanent resident of the United States in 1982.  In August 1990, he was convicted of embezzlement by a Virginia state court; in September 1990, he was convicted of making false statements in a passport

application. After serving his sentences, he traveled to Canada and was convicted of a serious crime there. Following the completion of his Canadian sentence, he was delivered to the custody of the Immigration and Naturalization Service ("INS"), which commenced deportation proceedings in June 1995.

An immigration judge found Nguyen deportable under § 241(a)(2)(A)(ii) of the Immigration and Naturalization Act ("INA"), the provision that provides for deportation of aliens who have been convicted of two or more crimes involving moral turpitude. Nguyen applied for a waiver of deportation under INA § 212(c), which was denied on the ground that he had abandoned his lawful permanent resident status during his stay in Canada. On May 19, 1997, the BIA found him independently ineligible for § 212(c) relief on account of § 440(d) of the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996, Pub. L. 104-132, 110 Stat. 1214, *as amended by* Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA") of 1996, § 306(d), Pub. L. No. 104-208, 110 Stat. 3009, 3009-1675, which denies such relief to aliens who have committed certain criminal offenses. The BIA thus entered a final order of deportation, and Nguyen brought the instant petition shortly thereafter.

## II.

We previously have held that AEDPA § 440(d) deprives us of jurisdiction to review BIA decisions of this sort. *See Williams v. INS*, 114 F.3d 82, 83-84 (5th Cir. 1997). In *Williams,* we joined

2

six other circuits in rejecting the argument that § 440(d) violates the Fifth Amendment Due Process Clause and article III by unconstitutionally restricting the right of judicial review. *Id.* Following the reasoning in *Yang v. INS*, 109 F.3d 1185, 1194-97 (7th Cir. 1997), we concluded that, at a minimum, criminal deportees retain some opportunity to apply for writs of habeas corpus. *Id.* at 84. Nguyen's petition is distinguishable from Williams's only in that an additional statute applies: IIRIRA § 309(c)(4)(G), 110 Stat. at 3009-1700.

Section 309(c)(4)(G) is part of IIRIRA's "transitional standards," applicable here because Nguyen's deportation proceedings were both commenced before IIRIRA's general effective date of April 1, 1997, and concluded more than thirty days after its passage on September 30, 1996. *See* IIRIRA § 309(c)(1), 110 Stat. at 3009-1698; *id.* § 309(c)(4), 110 Stat. at 3009-1699. Section 309(c)(4)(G) provides that

> there shall be no appeal permitted in the case of an alien who is inadmissible or deportable by reason of having committed a criminal offense covered in section 212(a)(2) or section 241(a)(2)(A)(iii), (B), (C), or (D) of the Immigration and Nationality Act (as in effect as of the date of the enactment of this Act), or any offense covered by section 241(a)(2)(A)(ii) of such Act (as in effect on such date) for which both predicate offenses are, without regard to their date of commission, otherwise covered by section 241(a)(2)(A)(i) of such Act (as so in effect).

This language differs only trivially from that of AEDPA § 440(d), the provision we considered in *Williams*. Like § 440(d), it completely forecloses our jurisdiction to review decisions of the BIA, including our jurisdiction to consider motions for stays of

3

deportation.

Nguyen protests that this restriction on judicial review violates the Fifth Amendment's Due Process Clause. Because the language of AEDPA § 440(d) and IIRIRA § 309(c)(4)(G) is so similar, however, the questions this raises are indistinguishable from those that we decided in *Williams,* 114 F.3d at 83-84. For the reasons explained in that case, we similarly conclude that IIRIRA § 309(c)(4)(G) does not violate either the Fifth Amendment's Due Process Clause or the separation of powers principles embodied in article III.

In summary, we are without jurisdiction to review this matter. Accordingly, the motion for stay of deportation is DENIED. The INS's motion to dismiss the petition for review is GRANTED. The INS's alternative motion for an extension of time is DENIED as moot. The petition for review is DISMISSED.