Mauricio REYES

v.

Lynn UNDERDOWN, et al.

No. 99–CV–1318.

United States District Court,
W.D. Louisiana,
Lake Charles Division.

Nov. 3, 1999.

Linda Osberg–Braun, Hackley Bernstein et al., Miami, FL, for plaintiff.

Katherine W. Vincent, U.S. Atty's Office, Lafayette, LA, for defendants.

## JUDGMENT

EDWIN F. HUNTER, Jr., District Judge.

For the reasons stated in the Report and Recommendation of the Magistrate Judge previously filed herein and after an independent review of the record, and a *de novo* determination of the issues, and consideration of the objections filed herein, and having determined that the findings are correct under applicable law; it is

ORDERED that the petition for writ of *habeas corpus* be DENIED AND DISMISSED WITH PREJUDICE.

## REPORT AND RECOMMENDATION

WILSON, United States Magistrate Judge.

Currently before the court is an "Application for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief" filed pursuant to 28 U.S.C. § 2241 on behalf of petitioner, Mauricio Reyes. By this application, Petitioner complains that he is being unlawfully detained under the mandatory detention provision of § 236(c) of the Immigration and Nationality Act (INA)[1], and he seeks to have this court order the INS to grant Petitioner an individualized bond hearing in order to review Petitioner's custody status. This matter

has been referred to the undersigned magistrate judge in accordance with 28 U.S.C. § 636(b)(1)(B).

## FACTS

Petitioner is a native and citizen of Colombia who entered the United States on May 8, 1969 at the age of two as an immigrant. *See* Government Exhibit 1.

On April 11, 1995, Petitioner pled guilty to two counts of Conspiracy to Possess with Intent to Distribute controlled substances in violation of 21 U.S.C. § 846, heroin and cocaine.[2] On November 22, 1995, Petitioner was sentenced to a term of 48 months imprisonment for each count, with the sentences to run concurrently.

On December 24, 1995, Petitioner married Renee LaFrance who is a United States citizen and who resides in West Palm Beach, Florida. *See* Petitioner's Exhibit 1. On January 10, 1996, Petitioner surrendered to the Bureau of Prisons to begin the service of his criminal sentence. *See* Government Exhibit 2.

On April 8, 1999, the INS issued a Notice to Appear charging Petitioner with being removable under INA § 237(a)(2)(A)(iii)[3] for having been convicted of an aggravated felony. *See* Petitioner's Exhibit 3; Government Exhibit 1. Petitioner appeared before an immigration judge on June 21, 1999 for a removal hearing. Petitioner was represented by counsel at this hearing. He admitted all of the factual allegations contained in the Notice to Appear and conceded removability. *See* Administrative Record, Doc. 11, Order of Immigration Judge, p. 2. Petitioner then requested relief from deportation under INA § 212(c)[4] in light of the fact that his criminal convictions took place before the enactment of the Anti–Terrorism and Effective Death Penalty Act of 1996 (AEDPA).[5] The Immigration Judge denied his

---

1. 8 U.S.C. § 1226(c).

2. The petition indicates that the conduct constituting the underlying offenses was concluded in June, 1992.

3. 8 U.S.C. § 1227(a)(2)(A)(iii).

4. 8 U.S.C. § 1182(c).

5. Section 440(d) of AEDPA eliminated § 212(c) relief for certain criminal aliens such as Petitioner.

request because § 212(c) was repealed by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA)[6] and ordered Petitioner removed from the United States to Colombia. Petitioner reserved appeal, and his appeal is now pending before the Board of Immigration Appeals (BIA).

Petitioner was released from the custody of the Bureau of Prisons on June 28, 1999, and at that time he was taken into INS custody. *See* Government Exhibit 5. Petitioner remains in INS custody pursuant to INA § 236(c).[7] This provision, as amended by AEDPA and IIRIRA, requires that the Attorney General take into custody any alien who is charged with being deportable by reason of having committed certain offenses while the determination of whether an alien is to be removed from the United States is pending. Among the enumerated offenses in INA § 236(c) are the crimes committed by Petitioner. This statute provides no opportunity for an individualized bond hearing. Petitioner challenges his detention by the INS as unconstitutional. He claims that it is a violation of his due process rights to be denied an individualized bond hearing. It is this constitutional challenge which Petitioner seeks to have this court address.

In his petition, Petitioner seeks the following relief: (1) an order directing the INS to conduct a prompt individualized custody hearing for Petitioner; (2) a declaration that 8 U.S.C. § 1226(c) is unconstitutional; (3) reasonable costs and attorney fees; and (4) any other relief deemed proper by the court.

## LAW AND ANALYSIS

Petitioner's main argument is that INA § 236(c) is unconstitutional on its face in that it violates the Fifth Amendment's guarantee of due process and offends the Eight Amendment's guarantee against excessive bail. Accordingly, this court is called upon to determine whether the mandatory detention provision in INA § 236(c) is constitutional.[8]

### I. Jurisdiction

■ Before reaching the merits of the petition, this court must first address jurisdictional concerns.

Petitioner argues that this court has jurisdiction to review constitutional claims under the federal statutes and under the United States Constitution unaided by statute. It appears as if Petitioner concedes that the statutory framework of the INA does not provide for judicial review of the Attorney General's decision to detain an alien under the provisions of INA § 236(c) pending a determination of removal. *See* 8 U.S.C. § 1226(e). Petitioner argues instead that this court has statuto-

---

6. Section 304(b) of IIRIRA repealed § 212(c) in its entirety.

7. 8 U.S.C. § 1226(c) which provides as follows:

   (c) Detention of Criminal Aliens
   (1) Custody
   The Attorney General shall take into custody any alien who—
   (A) is inadmissible by reason of having committed any offense covered in section 212(a)(2) [8 U.S.C. § 1182(a)(2) ],
   (B) is deportable by reason of having committed any offense covered in section 237(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) [8 U.S.C. § 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) ],
   (C) is deportable under section 237(a)(2)(A)(i) [8 U.S.C. § 1227(a)(2)(A)(i) ]

   on the basis of an offense for which the alien has been sentenced to a term of imprisonment for at least 1 year, or
   (D) is inadmissible under section 212(a)(3)(B) [8 U.S.C. § 1182(a)(3)(B) ] or deportable under section 237(a)(4)(B) [8 U.S.C. § 1227(a)(4)(B) ],
   when the alien is released without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.

8. This is the provision which regulates detention prior to a final order of removal. The application before the court does not deal with the detention which follows a final order of deportation, and this report will not address that issue.

ry jurisdiction under 28 U.S.C. § 2241 to review the constitutionality of his detention. The respondent does not seem to contest the jurisdiction of this court to hear Petitioner's challenge to the constitutionality of the statute under which he is detained. Nevertheless, this court shall examine its own jurisdiction to consider this matter before proceeding to the merits. *Zadvydas v. Underdown*, 185 F.3d 279, 285 (5th Cir.1999).

Congress has clearly indicated that it desires minimal judicial intrusion into deportation decisions. Judicial review of certain immigration matters is expressly limited by § 242(g) of the INA [9] which provides as follows:

Exclusive Jurisdiction

Except as provided in [§ 242 of the INA] and notwithstanding any other provision of law, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

Recent jurisprudence indicates that while INA § 242(g) supersedes the jurisdiction of federal courts under 28 U.S.C. § 2241 to hear challenges to certain types of decision made during immigration proceedings, § 242(g) is not a general review-preclusion law. *Reno v. American–Arab Anti–Discrimination Committee*, 525 U.S. 471, 119 S.Ct. 936, 943–45, 142 L.Ed.2d 940 (1999); *Parra v. Perryman*, 172 F.3d 954, 957 (7th Cir.1999); *Zadvydas*, 185 F.3d at 285. INA § 242(g) limits review of a narrow class of discretionary executive decisions, i.e. decisions to "commence proceedings, adjudicate cases, and execute removal orders." *Zadvydas, supra*. This provision does not remove the jurisdiction of federal courts to hear a § 2241 *habeas* petition which challenges the constitution-

ality of a statute authorizing the detention of aliens. *Zadvydas, supra; Parra*, 172 F.3d at 957. "This is because the detention, while intimately related to efforts to deport, is not itself a decision to 'execute removal orders' and thus does not implicate section 1252(g) under *Reno*." *Zadvydas*, 185 F.3d at 285; *Parra*, 172 F.3d at 957; *Galvez v. Lewis*, 56 F.Supp.2d 637 (E.D.Va.1999).

In light of the recent jurisprudence discussing the jurisdiction of federal courts to review constitutional challenges to statutes which authorize the detention of aliens, this court has jurisdiction to review Petitioner's challenge to the constitutionality of the statute under which he is detained.[10]

## II. Constitutionality of INA § 236(c)

Petitioner argues that the mandatory detention provision of INA § 236(c) which denies certain criminal aliens individualized bond hearings pending the conclusion of their removal proceedings violates his constitutional rights under the Fifth and Eighth Amendments to the United States Constitution. The court will consider each of these challenges below.

### A. Fifth Amendment

Petitioner claims that the statute under which he is detained violates his right to substantive and procedural due process under the Fifth Amendment.

#### 1. Substantive Due Process

■ Substantive due process protects individual liberty against "certain government actions regardless of the fairness of the procedures used to implement them." *Collins v. Harker Heights*, 503 U.S. 115, 112 S.Ct. 1061, 1068, 117 L.Ed.2d 261 (1992), quoting *Daniels v. Williams*, 474 U.S. 327, 331, 106 S.Ct. 662, 665, 88

---

9. 8 U.S.C. § 1252(g).

10. To the extent that *Naidoo v. INS*, 39 F.Supp.2d 755 (W.D.La.1999) suggests a different result, that decision is modified in accordance with *Zadvydas*. However, the un-

dersigned notes that *Naidoo* did not present a challenge to detention, but rather was a challenge to the order of deportation. This court has consistently held that it lacks jurisdiction to hear such challenges.

L.Ed.2d 662 (1986). This prevents the government from engaging in conduct that "shocks the conscience" or interferes with rights implicit in the concept of ordered liberty. *United States v. Salerno,* 481 U.S. 739, 746, 107 S.Ct. 2095, 2101, 95 L.Ed.2d 697 (1987).

■ Substantive due process prevents the government from infringing on a fundamental liberty interest "unless the infringement is narrowly tailored to serve a compelling state interest." *Reno v. Flores,* 507 U.S. 292, 113 S.Ct. 1439, 1447, 123 L.Ed.2d 1 (1993); *Collins v. Harker,* 112 S.Ct. at 1068. Where fundamental liberty interests are not involved, the governmental action is judged by the unexacting "standard of rationally advancing some legitimate government purpose." *Reno v. Flores,* 113 S.Ct. at 1449. Thus, it is important that the liberty interest at issue be carefully described at the outset of a substantive due process analysis. *Washington v. Glucksberg,* 521 U.S. 702, 720–21, 117 S.Ct. 2258, 138 L.Ed.2d 772 (1997); *Reno v. Flores,* 113 S.Ct. at 1447; *Tran v. Caplinger,* 847 F.Supp. 469, 474 (W.D.La. 1993).

This court has previously suggested that "a legal alien [may have] a fundamental right not to be detained as a result of 'arbitrary governmental action.'" *Tran,* 847 F.Supp. at 474, citing *Reno v. Flores,* 113 S.Ct. at 1454. However, it concluded that detention of an alien pursuant to a statute designed to serve legitimate and compelling governmental interests was not arbitrary. *Id.*

Furthermore, this court has previously declined to find that "an alien has a fundamental right to be free from detention pending his deportation after having been convicted of an aggravated felony." *Tran,* 847 F.Supp. at 475. Additionally, the Seventh Circuit in *Parra* concluded that an alien challenging his detention pursuant to INA § 236(c) did not have a fundamental

liberty interest at stake. In *Parra* the court stated that the "private interest [at issue] here is not liberty in the abstract, but liberty in the United States by someone no longer entitled to remain in this country." *Parra,* 172 F.3d at 958. Accordingly, this court finds that a fundamental liberty interest is not involved in this case.

■ Because a fundamental liberty interest is not involved in this matter, the court's substantive due process analysis will focus on whether the statute under which Petitioner is detained is regulatory or punitive in nature and if regulatory, whether it is excessive in relation to the purpose behind the statute. *See Tran, supra; Galvez,* 56 F.Supp. 645.

It is well established that of detention of criminal aliens during immigration proceedings is not for the purpose of punishment. *See Zadvydas,* 185 F.3d at 290. This type of detention is merely incidental to another governmental purpose, i.e. removing aliens who are no longer entitled to remain within the United States. *See Galvez, supra.* Detaining criminal aliens during this removal process serves the regulatory purposes of preventing aliens from absconding prior to removal[11] and of protecting the community. *See Galvez,* 56 F.Supp.2d 637, 646 (E.D.Va.1999); *Tran,* 847 F.Supp. at 475; *Gisbert v. U.S. Attorney General,* 988 F.2d 1437, 1441 (5th Cir. 1993).

Additionally, this court finds that this non-punitive detention of criminal aliens pending the conclusion of their immigration proceedings is not excessive in relation to the legislative objective of removing criminal aliens from the United States. The mandatory detention imposed by INA § 236(c) is limited to aliens who have been convicted of certain enumerated crimes including aggravated felonies and controlled

11. In *Parra,* the Seventh Circuit noted that according to the Department of Justice, prior to the enactment of IIRIRA, approximately 90% of aliens released on bond during immigration proceedings absconded and went into hiding in order to avoid deportation/removal. *See Parra,* 172 F.3d at 956; 62 Fed.Reg. 10,-312, 10,323 (1997).

substance violations. By mandating the detention of certain criminal aliens, Congress presumes that such aliens pose a danger to the community and/or pose a flight risk. This presumption is not excessive given the serious nature of the crimes involved. *See Terrebonne v. Blackburn,* 646 F.2d 997, 1002 (5th Cir.1981) (characterizing drug dealing as a "grave offense of high rank"); *Terrebonne v. Butler,* 848 F.2d 500, 504 (5th Cir.1988) *(en banc)* (comparing the trafficking of heroin to murder); *Galvez,* 56 F.Supp.2d 637, 646; *Diaz–Zaldierna v. Fasano,* 43 F.Supp.2d 1114, 1119 (S.D.Cal.1999) ("it is not excessive for Congress to find that aliens convicted of controlled substances offences can be presumed to be dangerous such that their release on bail, pending the outcome of their removal proceedings, is not warranted."). Detention also ensures the presence of these criminal aliens for removal proceedings. *Galvez, supra.*

The fact that Petitioner may be detained for several months pending the conclusion of his removal proceedings does not cause his detention to be excessive. Petitioner has been convicted to two controlled substance violations. He is currently subject to an order of removal and is statutorily ineligible for relief from removal. He no longer has a legal right to remain in the United States. In such a situation, the Seventh Circuit has observed that the alien "can withdraw his defense of the removal proceedings and return to his native land, thus ending his detention immediately. He has the keys in his pocket." *Parra,* 172 F.3d at 958. When "a criminal alien [ ] insists on postponing the inevitable [by appealing his removal order, he] has no constitutional right to remain at large during the ensuing delay." *Id.*

Accordingly, this court concludes that the detention mandated by INA § 236(c) is not punitive in nature and that it is not excessive to the legitimate governmental interest of removing criminal aliens from the United States. For these reasons, this court finds that INA § 236(c) does not violate Petitioner's substantive due process rights.

## 2. *Procedural Due Process*

■ Petitioner argues that INA § 236(c) violates his procedural due process rights because it denies him an individualized bond hearing.

■ Procedural due process "guarantees only that there is a fair decision-making process before the government takes some action directly impairing a person's life, liberty, or property." Rotunda and Nowak, *Treatise on Constitutional Law; Substance and Procedure,* 2d § 14.6; *Collins v. Harker Heights,* 112 S.Ct. at 1068; *Tran,* 847 F.Supp. at 476. In evaluating whether a petitioner has been denied procedural due process, the court must evaluate (1) the private interest affected; (2) the risk of erroneous deprivation; (3) the probable value of additional procedural safeguards; and (4) the government's interest in dispensing with safeguards. *Mathews v. Eldridge,* 424 U.S. 319, 335, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976).

The court has previously determined that the private interest which is affected is not a fundamental liberty interest. The interest affected is Petitioner's interest in remaining at liberty in the United States when he is no longer eligible to do so because of his criminal conduct. *See Parra,* 172 F.3d at 958. The risk of error in this case is minimal because there is not dispute about Petitioner's alien status or his drug convictions. The provision of additional procedural safeguards would be burdensome to the government and of little value to the criminal alien whose removal is a virtual certainty given that such aliens are entitled to little, if any, relief from removal. Additionally, the government has a substantial interest in ensuring the presence of criminal aliens during removal proceedings. *See Parra, supra; Galvez,* 56 F.Supp.2d 637, 648.

For these reasons, this court finds that the denial of an individualized bond hearing to criminal aliens who are detained pursuant to INA § 236(c) is not a violation of procedural due process.

## B. Eighth Amendment[12]

The Eighth Amendment provides that "[e]xcessive bail shall not be required."

■ However, the Eighth Amendment does not require that bail be provided in all cases. Specifically, the United States Supreme Court has stated that "when Congress has mandated detention on the basis of a compelling interest other than prevention of flight ... the Eighth Amendment does not require release on bail." *Salerno*, 107 S.Ct. at 2105.

In *Salerno*, the "compelling interest" to which the Supreme Court was referring was the safety of others. This same interest is at issue in Congress' decision to detain certain criminal aliens during removal proceedings. Accordingly, this court finds that the Eighth Amendment does not require that Petitioner be released on bond pending the conclusion of his removal proceedings.

For the reasons discussed above, this court finds that the statute under which Petitioner is detained, INA § 236(c), is not unconstitutional and does not violate Petitioner's rights under the Fifth and Eighth Amendments to the United States Constitution. Therefore, Petitioner is not entitled to an individualized bond hearing.

ACCORDINGLY,

IT IS RECOMMENDED that the petition for writ of *habeas corpus* be DENIED AND DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS** CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED—TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.

October 8, 1999.

---

12. Although this court will address the merits of Petitioner's Eighth Amendment claim, it notes that it is questionable whether the Eighth Amendment is even applicable to this case where detention results from immigration proceedings and not criminal proceedings. The Fifth Circuit has held that the Eight Amendment does not apply in such cases. *See Equan v. United States*, 844 F.2d 276, 279 (5th Cir.1988); *Bamidele v. Gerson*, 995 F.2d 223 (Table) (5th Cir.1993).